David F. Lee, Jr., J.
Plaintiff applies, ex parte, for leave to file in the office of the Chenango County Clerk a separation agreement executed by plaintiff and her husband on January 23, 1961.
The petition alleges, inter alia: “ 5. That under the Domestic Relation Law of the State of New York as amended Sec. 170 (6) *205 and which became effective on September 1st, 1967, the divorce laws were modified to permit an action for divorce between husband and wife if the parties had been separated and living apart under a legal separation agreement for a period of two years from the date of said agreement; that the provision of said law as amended, provided that such agreement, or a memorandum thereof, must be filed within 30 days after the execution thereof. That no provision is made for the filing of legal separation agreements entered into prior to September 1, 1966, the date specified in the statutes as amended, before which no time may be computed as being part of the two year waiting period provided in the Statute, and after which an action for divorce maybe commenced.”
Plaintiff’s counsel in his memorandum submitted on this application urges that: “ The restriction in the Domestic Relations Law as amended was only as to the time which could be counted in determining the rights of the parties to convert the separation agreement into a divorce under the new grounds for divorce created by the Domestic Relations Law.”
The basic question for determination is whether the application may be made ex parte. Subdivision (6) of section 170 of the Domestic Relations Law relates to the so-called “ convertible ” divorce, a divorce granted solely by reason of two years’ separation after a written separation, agreement. Property rights and other rights of the spouse who executed the agreement, but not given notice of an application for an order to file with a County Clerk, may be prejudiced. On such an application, where substantial rights of a person may be affected, due process of law requires that the application be made on proper notice to that person.
Whether the separation agreement may be converted into a divorce after September 1, 1968, should the motion when made on proper notice be granted, is not here considered or determined. Whether old separation agreements, those executed before August 1,1966, filed by court order with a County Clerk’s office, or filed voluntarily by a County Clerk, should be converted into a divorce must, of course, await determination when the question is presented. On the present application the court considers for determination only the question whether an application to file an old separation agreement in the office of a County Clerk may be made ex parte.
Plaintiff’s ex parte application should be denied, with leave to renew upon proper notice to defendant.